# IN THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SEAN BROMFIELD, | ) |
|     Plaintiff, | ) Case No. |
| v. | ) |
| HERTZ CORPORATION SUPPLEMENTAL EXECUTIVE RETIREMET PLAN and THE HERTZ CORPORATION, | ) |
|     Defendants. | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Sean Bromfield, through his attorneys, Kristin M. Case and Kate Sedey of The Case Law Firm, LLC, and in support of his complaint against the Defendants states as follows:

### Parties and Jurisdiction

1. During all relevant times Plaintiff, Sean Bromfield, was a resident of Lakewood, McHenry County, Illinois. Plaintiff now resides Morganton, Fannin County, Georgia.

2. Defendant Hertz's Supplemental Executive Retirement Plan ("SERP") is a non-qualified employee benefit top hat plan subject to the Employee Retirement Income Security Act of 1974 as amended 29 USC 1001.

3. Defendant Hertz Corporation ("Hertz") is a Delaware corporation with its principal place of business in Estero, Florida. Hertz maintains an office in Chicago, Illinois.

4. At all relevant times, Hertz administered the SERP. Decisions relating to benefits were made by the "Benefits Committee" which was comprised of Hertz high-level employees. As such, Hertz owed Plaintiff a fiduciary duty of reasonable care in communicating his rights and benefits in a clear unambiguous manner.

5.  The events which give rise to these claims occurred in Chicago, Cook County, Illinois.

6.  This Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C. 1331 because these claims involve federal questions. Venue is proper in the Northern District of Illinois Eastern Division pursuant to 28 U.S. 1391(b)(2) in that all the allegations which give rise to Plaintiff's complaint occurred at Hertz's Chicago, Illinois office.

## Facts

7.  Plaintiff began working for Defendant in January 1992 as a City Manager. Plaintiff was 24 years old and this was his first post-college job.

8.  Plaintiff consistently exceeded expectations and, as a result, Defendant promoted him several times, most recently to Senior Vice President of Central Region.

9.  Because he was one of its most senior executives, in 2013 Hertz offered Plaintiff participation in its Supplemental Executive Retirement Plan ("SERP"). Attached as Exhibit A is a copy of this Plan.

10. The SERP provided significantly enhanced retirement benefits which vested once a participant worked for the company for at least five years and reached at least age 55.

11. Defendant periodically provided Plaintiff with projections as to the value of his SERP benefits. At last estimate, Defendant projected that at age 55 Plaintiff would receive between $959,584 and $1,336,399 depending upon interest rates.

12. In addressing a participant's eligibility for SERP benefits in the event of a termination, the written terms of the SERP plan provided:

> In the event a Participant with at least five Vesting Years of Service who has not attained age 55 is terminated from employment…**for reasons other**

**than a voluntary termination or for Cause in connection with a Change in control,** such Participant shall be vested in any Supplemental Benefit accrued by such Participant to the date of the employment termination without having attained age 55 at the time of such termination. In such event, distribution of such Participant's Supplemental Benefit shall be made as provided in Section 4.2.

13. Section 4.2 of the Plan says:

"…The Supplemental Benefit shall be paid in a lump sum within 90 days following the later of Participant's attainment of age 55 or his separation from service…."

14. Plaintiff reasonably understood these portions of the SERP to mean that if he had participated in Hertz's Pension Plan for at least five years and was terminated without Cause before he turned 55, he would be immediately vested in the SERP benefits accrued to date and those benefits would be paid out as a lump sum within 90 days of his 55th birthday. As a result, Plaintiff considered these benefits part of his compensation package and chose, in part because of this compensation, to remain employed with Hertz.

15. At the time of his termination, Plaintiff had more than five years of Vesting Service as defined by the SERP.

16. Between 2013 and 2018, Hertz underwent significant changes and restructurings. In that short time, Plaintiff reported to four different CEOs. Several other high-level executives left the company during this period of instability. Plaintiff, however, decided to remain with Hertz in large part to ensure that he received the SERP benefits.

17. On December 31, 2014, Hertz froze participation in the SERP. As a result, Plaintiff was one of, if not the last, participant to join.

18. On June 8, 2018, Defendant terminated Plaintiff without cause as part of an alleged companywide reduction-in-force. Plaintiff was 49 years old.

19. Just a few days after notifying Plaintiff of his layoff, Hertz told him that his SERP benefits would not vest and that, instead, the Plan only provided for early vesting during a Change in Control.

20. On August 2, 2018, Plaintiff filed an appeal with Hertz's Benefits Committee.

21. On October 30, 2018, the Committee denied Plaintiff's claim for benefits.

22. On December 27, 2018, Plaintiff filed a second appeal with the SERP Committee.

23. On February 21, 2019, the Committee denied that appeal.

## COUNT I- BREACH OF FIDUCIARY DUTY
## IN VIOLATION OF ERISA SECTION 502(A)

24. Plaintiff incorporates paragraphs 1-23 as though fully set forth herein.

25. Defendants breached their fiduciary duty of reasonable care in communicating the terms of the SERP to Plaintiff when they misrepresented his right to benefits in the event of a termination without cause. This written misrepresentation was material in that it bore on Plaintiff's entitlement to benefits.

26. Plaintiff reasonably relied upon these misrepresentations to his detriment when he chose to remain employed with Defendant during a tumultuous time in its company's history rather than looking for and/or accepting other higher paying positions with other companies.

27. As a result of this reliance, Plaintiff has suffered significant losses including the lost SERP benefits guaranteed to him.

WHEREFORE, pursuant to Section 502(a)(3) of ERISA, Plaintiff respectfully requests that this Court apply appropriate equitable relief to make him whole with respect to the damages he has suffered as a result of Defendant's breach of fiduciary duty.

Respectfully Submitted,

SEAN BROMFIELD

By:   <u>/s/Kristin M. Case</u>
       One of Plaintiff's Attorneys

Kristin M. Case
Kate Sedey
The Case Law Firm, LLC
250 South Wacker Dr., Ste. 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Fax (312) 920-0800